Matter of Warner
2026 NY Slip Op 03172
May 20, 2026
Appellate Division, Second Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Duane Oliver Warner, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Duane Oliver Warner, respondent. (Attorney Registration No. 5448113)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-07692
Hector D. LaSalle, P.J.
Mark C. Dillon
Colleen D. Duffy
Betsy Barros
Valerie Brathwaite Nelson, JJ.

Catherine A. Sheridan, Hauppauge, NY, for petitioner.
Forrest Strauss, Monroe, NY, for respondent.

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 2, 2017. By decision and order on motion dated April 25, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on April 5, 2022, in the First District Court, Suffolk County, of aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), an unclassified misdemeanor.
Per Curiam.

[*1]
Per Curiam.

OPINION & ORDER
By affirmation dated September 21, 2022, on notice to the respondent, the Grievance Committee for the Ninth Judicial District advised this Court that on April 9, 2021, the respondent was arrested in Suffolk County and charged with: (1) aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), an unclassified misdemeanor; (2) driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor; and (3) three traffic infractions. On April 5, 2022, in the First District Court, Suffolk County, the respondent pleaded guilty to aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), in satisfaction of all of the charges. During his plea allocution, the respondent admitted to operating a motor vehicle after consuming two alcoholic beverages. The respondent likewise admitted that these beverages put him in an intoxicated condition, to the extent that he could not and did not operate his vehicle like a reasonable and prudent driver. Subsequently, at the Grievance Committee's request, the respondent also provided a letter dated July 11, 2022, explaining that, on the evening of his arrest, he had dinner with a friend, where he consumed two Long Island iced tea drinks, before his friend drove him to her house. The respondent spent approximately 30 minutes at his friend's house before proceeding to drive home. While driving on the Southern State Parkway, the respondent was involved in an automobile accident, resulting in damage to another vehicle, as well as to the respondent's vehicle, which caught fire due to the collision. The respondent's vehicle fire had to be extinguished by a fire engine. The other vehicle was occupied by only the driver, who was not physically injured. The respondent, who was alone in his vehicle, likewise was uninjured. After his arrest and transport to a police station, [*2]the respondent was given a breathalyzer test, which measured a blood alcohol content of .22%. On the day of the respondent's plea, he was sentenced to a one-year conditional discharge, directed to pay a $1,000 fine and $395 in surcharges, his driver license was revoked for a period of one year, and he was required to install an ignition interlock device on his vehicle.
By decision and order on motion dated April 25, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Alfred J. Weiner, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), an unclassified misdemeanor. The matter was thereafter transferred to the Grievance Committee for the Tenth Judicial District.
At the hearing before the Special Referee on September 28, 2023, the respondent presented mitigation evidence, including his satisfaction of all the terms of his conditional discharge, and his efforts to address his mental health and alcohol use in order to avoid repeating his misconduct. The respondent testified that he has experienced mental health issues for many years and sought outpatient treatment as early as 2011. However, financial difficulties and personal losses aggravated the respondent's mental health struggles and alcohol use. The respondent identified stress as a trigger for his drinking, and testified that on the night of his arrest, he was experiencing acute stress based on his health issues and a recent health scare for his mother. The respondent testified, for the first time, that on the night of his arrest, in addition to having the two drinks at dinner, he consumed "a couple of shots of vodka" at his friend's house before attempting to drive home. The respondent testified that he no longer binge drinks.
The respondent provided evidence of his mental health treatment beginning in 2020, approximately three months prior to his arrest, and his continued treatment through the date of the hearing. The respondent's therapist testified at the hearing and corroborated several of his claims regarding his mental health issues. One week after his car accident, the respondent was evaluated for an abstinence-based, DWI-specific, outpatient alcohol and substance abuse program, and voluntarily enrolled approximately two weeks after his arrest. The respondent successfully completed the six-month program. The respondent also began the process of enrolling in the Lawyer Assistance Program in May 2022, although it appears that he did not actually become enrolled until almost two years later. The respondent further apologized to the Court for drinking and driving, as well as for causing a car accident, and expressed his gratitude that no one was injured.
After the hearing, the Special Referee filed a report dated December 14, 2023, in which he noted that this Court has "repeatedly held that such professional misconduct warrants the imposition of public discipline," and further noted that the information in his report "may be considered by the Court in imposing any appropriate sanctions," but did not directly find that the respondent failed to establish that a sanction of public discipline should not be imposed. The Special Referee noted in mitigation that the respondent was convicted of only one count, which did not involve the practice of law, that he timely notified this Court of his conviction, and that he had an unblemished disciplinary history, accepted responsibility for his actions, and expressed remorse. The Special Referee also noted that at the time of his misconduct the respondent was affected by outside stressors, that his long-standing mental health treatment is ongoing, that he no longer engaged in binge drinking and had not relapsed, and that he complied with all the terms of his criminal sentence.
The Grievance Committee for the Tenth Judicial District now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The Grievance Committee notes that the respondent has no disciplinary history. The respondent cross-moves to (1) oppose the Grievance Committee's motion insofar as it suggests that public discipline is required, (2) confirm the Special Referee's report insofar as it found substantial mitigating evidence, and (3) refer the matter back to the Grievance Committee for a private sanction. The Grievance Committee opposes the respondent's cross-motion, and the respondent replies in continued opposition to the Grievance Committee's motion and in further support of his cross-motion.
Findings and Conclusion
In view of the evidence adduced, we find that the respondent failed to demonstrate why a final order of suspension, censure, or disbarment should not be made based on his conviction of aggravated driving while intoxicated. Therefore, insofar as the Special Referee's report also found that the respondent failed to meet his burden in this regard, the Grievance Committee's motion to confirm the Special Referee's report is granted. Under the totality of the circumstances, including [*3]evidence that the respondent completed the terms of his sentencing, engaged in therapy and a substance-abuse program, no longer binge drinks, and has accepted responsibility for his actions and expressed remorse, the respondent is publicly censured for the unlawful conduct that resulted in his conviction of aggravated driving while intoxicated (see Matter of Fleming, 223 AD3d 25). The respondent's cross-motion is denied in its entirety.
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent's cross-motion is denied; and it is further,
ORDERED that the respondent, Duane Oliver Warner, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court